**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

NORTHEASTERN GRAPHIC SUPPLY, INC.
                    Plaintiff

vs.                                        MED No. 05-10121

GRAPHIC COLOR CORPORATION,
A DIVISION OF CONSOLIDATED COLOR CORPORATION,
                    Defendant

**DEFENDANT'S OPPOSITION TO MOTION OF NORTHEASTERN GRAPHIC SUPPLY, INC.**
**FOR "EXAMINATION OF DEFENDANT"**

1.    On or about May 18, 2005, the plaintiff NORTHEASTERN GRAPHIC
      SUPPLY, INC. ("Northeastern"), as a judgment creditor (by
      default) in a 2004 lawsuit filed by Northeastern in the United
      States District Court of Maine ("the Maine judgment), in January
      2005 registered its [Maine] judgment in the USDCt of
      Massachusetts, i.e., the instant proceeding.

2.    Northeastern, via separate Massachusetts counsel, then applied
      for and obtained an Execution from this court (Exhibit "**A**") and
      has recently served on a party in Massachusetts, an order to
      appear for oral examination (Exhibit "**B**").

WRONG PARTY DEFENDANT NAMED
3.    The immediate issue is that the Massachusetts corporation which
      has been served herein [with notice of examination], i.e.,
      *CONSOLIDATED COLOR CORPORATION*, although similarly named and with
      the same principal (a) is not –and cannot be– the judgment debtor
      (or the defendant) sued in Maine, as it was not even *in existence*
      until January 2004 (Exhibit "**C**") where the debt sued upon
      occurred years earlier, and was acknowledged by the plaintiff to
      be due from an entirely different entity, with the same name,
      hence its assets cannot be available for satisfaction of the
      *Maine* judgment.  It appears that the employment of the *Maine*
      judgment has been knowingly misdirected in order to coerce a non-
      liable party.

HISTORY:
4.    The debt sued upon in Maine by Northeastern was originally the
      debt of GRAPHIC COLOR CORPORATION, a Massachusetts corporation
      which filed a Chapter 11 in 1998 (Case No. 98-44761-JBR).
      ***Northeastern Graphic Supply, Inc***. was a scheduled creditor in
      that Chapter 11 proceeding and its claim appears in both the
      court's own matrix of the Chapter 11 case (Exhibit "D") as well
      as in Schedule F (unsecured claims) in the debtor's schedules

(Exhibit "E").  According to bankruptcy court records, Northeastern received repeated, consistent notices at its [same] address throughout the Chapter 11 proceedings and never once in the several years of the pendency of those bankruptcy hearings, did Northeastern ever make a claim alleging that any other entity except the named **Graphic Color Corporation** owed Northeastern on its claim.

PLAN AND LIQUIDATION OF GRAPHIC COLOR CORPORATION

5.    On or about September 14, 2001 the Graphic Color Corporation's Plan was confirmed (Exhibit "F") and plan payments were commenced, however following 9/11 the changes industry-wide in advertising spending on the debtor's products led to a steep, uncontrollable slide in cash flow that became impossible to overcome and after several years of effort, the original Chapter 11 debtor Graphic Color Corporation *WAS LIQUIDATED IN JANUARY 2004 VIA AN ASSIGNMENT FOR THE BENEFIT OF CREDITORS*; its Assignee was Jeffrey Kosberg of Cambridge, MA.

NOTICE OF LIQUIDATION; OPPORTUNITY TO ASSENT

6.    On or about February 6, 2004, Assignee Kosberg provided actual notice [of the liquidating Assignment] to Northeastern's attorney Michael Gartland of Portland, Maine (Exhibit "**G**"), in which the specifics of the debtor's failure and its proposed approach to a dividend were explicitly described (Exhibit "**H**"), leaving no room for vagueness or confusion on Attorney Gartland's part.

7.    Thus, an (a) actual notice of the Assignment, plus (b) an unrestricted opportunity to either assent [to the Assignment], or to object, or to launch an insolvency, etc., were provided to Northeastern's attorney Gartland, who despite these notices, took no action on behalf of his client Northeastern to do anything: assent or re-petition the debtor back to insolvency.

8.    Consequently, in Massachusetts, 90 days following the Assignment sale, the Assignment sale became freed and cleared of any bankruptcy exposure via the objections of non-assenting creditors –specifically Northeastern's, who throughout the Chapter 11 proceedings, Plan confirmation hearings, notice of Assignment, etc., never once disputed that the debt it claimed came from only **one** source: the original Chapter 11 debtor, Graphic Color Corporation, and that debtor became defunct and ceased to operate as of its Assignment in January 2004.

THE ASSIGNEE'S SALE TO A NEW ENTITY

9.    Pursuant exactly to the outline provided by the Assignee to creditors (including to Northeastern's attorney) the Assignee

conveyed the assets, subject to liens of record[1], to CONSOLIDATED COLOR CORPORATION, an <u>entirely newly created Massachusetts corporation.</u>   The new corporation specifically also acquired from the Assignee the right to employ the name "*Graphic Color Corporation*".  It was upon this [new] corporate entity, formed in January 2004, using a name it acquired from an Assignee, and <u>having no legal or factual obligation for the 1998 claim which was sued upon in Maine</u>, that service of the Maine/Massachusetts Execution was made.

THE USDCT of *MAINE* ACTION

10.   Attorney Gartland of Portland had actual notice almost one year earlier of the **bankruptcy** debtor's (i.e., Graphic Color Corporation's) final slide into Assignment, and regardless of attorney Gartland's evident waiver on behalf of Northeastern of any objection to the Assignment, attorney Gartland filed an action in the District Court of Maine, alleging –knowing the same to be inaccurate– that Northeastern's alleged "defendant/debtor" was the **new** Massachusetts corporation Consolidated Color Corporation which has acquired the name "Graphic Color" from an Assignee – an implication he had to know was false.

11.   Attorney Gartland acknowledges nowhere in the Maine federal district court civil action that the claim being sued upon belonged to a factually and legally different entity, different from the entity which Northeastern [and Gartland] had formally acknowledged 6 years earlier as the real debtor: the subject of the 1998 Chapter 11 bankruptcy proceedings.

12.   A critical and opprobrious conclusion is inescapable: either attorney Gartland for Northeastern (a) *forgot* that there had been both a Chapter 11 and then an Assignment in which notices to him and to Northeastern were sent by the court and other parties on multiple occasions, and where his participation –or absence of participation, hence waiver– disposed of the claims of his client, or (b) he intentionally filed a claim in the US District Court of Maine which cannot pass the good-faith test: the court's enormous power of process has been invoked and released against an entity which plaintiff's attorney had numerous good reasons to believe was <u>not</u> –and could not be– the actual debtor, but one merely whose name and other common features might be available to

---

[1]In his notice and outline in February 2004, sent to all creditors, including Northeastern, the Assignee described in detail how, upon liquidation, because of duly recorded senior secured claims, there would be **zero** liquidation value for unsecured creditors.  This identical "no-value" for trade creditors such as Northeastern was demonstrated throughout the Chapter 11 proceedings - and similarly unopposed by Northeastern.

[finally] leverage Northeastern's 1998 claim into posture which would harass and compel the new Massachusetts entity to "buy peace" in the face of a court-sanctioned mandatory appearance to be deposed.  The Maine proceedings acknowledged absolutely none of these distinctions.

13.    The Massachusetts defendant did not file a response in the *Maine* action because its principal, after consultation with the Assignee which sold the assets, believed that despite the name similarity –which the new corporation had properly acquired via the Assignment– the actual *Maine* defendant (the old *Graphic Color Corporation*) (a) was fully and long out of business, and besides, (b) Northeastern, according to the Assignee, as a non-assenting creditor in the Assignment, due directly to simple and extended inactivity, had waived its participation in the Assignment.  In either case, the old Northeastern [Chapter 11] claim was no longer the problem of the new Massachusetts corporation and the defendant's principal elected to leave the matter alone.[2]

14.    Northeastern's attorney Gartland in the *Maine* action neglected to allege any of these intervening and dispositive liquidations relative to Northeastern's actual claim sued upon.

NEW BUSINESS BETWEEN THE ENTITIES

15.    Ironically, the new Massachusetts corporation also did [new] business with Northeastern Graphic Supply, which is itself now out of business. And *all of which [new] invoices Consolidated Color has paid in full* (Exhibit "**I**").  Thus, *at the same time* Attorney Gartland was suing Graphic/Consolidated in Maine for the pre-1998 bills of [the old] Graphic Color, the creditor Northeastern, or its liquidating agent, had to be explicitly aware that plaintiff's Maine (and now Massachusetts) claims were utterly cynical - the "no-tomorrow" recklessness of a business which has no future.

16.    Thus, Northeastern's attorney (a) obtained a default judgment [in Maine] to which he knew the defunct creditor was not entitled and then (b) sent the judgment to a Massachusetts collection attorney with instructions to apply for an Execution, a vehicle to permit seizure of assets - the final collection effort in its 1998 claim. The Massachusetts Execution, which will fortify the instant action is facially legitimate and otherwise mandates compliance with its process, e.g., an appearance for deposition - all wrongful applications of process.

CONCLUSION:

---

[2]The defendant has since elected to seek to <u>vacate</u> the default judgment in Maine on the grounds set forth in this Opposition.

17.   _The instant Execution and process were improperly obtained_
wherein Northeastern's "judgment creditor" application for
issuance of an Execution constitutes a deliberate and malicious
abuse of process.

   **WHEREFORE**,
   A. the [Massachusetts] Execution should be immediately recalled
   and vacated,

   B. an Order of Notice issued for Northeastern's proponents to
   show cause why further process in this [Massachusetts] proceeding
   should not be stayed while the Maine judgment is vacated,

and at the same time,

   C. the judgment creditor should show cause why the process
   employed in this collection is not sanctionable for what is
   evidently a recklessly loose filing, if not a deliberate fraud on
   two separate federal courts.

June 15, 2005                    Respectfully submitted,

                                **GRAPHIC COLOR CORPORATION, A DIVISION
                                OF CONSOLIDATED COLOR CORPORATION**

                                By its attorney,

                                /s/ Richard J. Cohen, Esq.
                                Richard J. Cohen, Esq. (BBO 090240)
                                1185 Falmouth Road
                                Centerville, MA 02632
                                (508) 771-6400 / fax (508)771-6216

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTHEASTERN GRAPHIC SUPPLY, INC.
                    Plaintiff

vs.                                       MED No. 05-10121

GRAPHIC COLOR CORPORATION,
A DIVISION OF CONSOLIDATED COLOR CORPORATION,
                    Defendant


CERTIFICATE OF SERVICE
_____


        The undersigned hereby certifies that on the date set forth below
the foregoing **OPPOSITION TO MOTION OF NORTHEASTERN GRAPHIC SUPPLY,
INC. FOR "EXAMINATION OF DEFENDANT"** was served either (a) by
electronic transmission to the Clerk, US Bankruptcy Court via the
Court's CM/ECF system, and simultaneously through such transmission to
the parties also electronically noticed thereby, or (b) where
electronic transmission is inapplicable, service of the same was
effected either via 1st class US mail, prepaid or by telefax, all as
set forth in "A" respectively.

Dated: June 15, 2005                  */s/ Richard J. Cohen, Esq.*
                                      _____
                                      Richard J. Cohen

"A"
***by CM/ECF electronic transmission***
Clerk, US District Court
***by non-electronic transmission -*** 1st class mail:
Kenneth E. Karger, Esq.
15 Court Square #230
Boston, MA 02108

Consolidated Color Corporation
15 Union Street
Lawrence, MA 01840

05/20/2005  11:29    9786819666    GRAPHIC COLOR    GXH1511  A    PAGE 03

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**FIRST EXECUTION**

CIVIL ACTION NO. MISC

# 05 MBD 10121

To the United States Marshal for the District of Massachusetts or either of her Deputies and to ~~Essex Deputy Sheriffs and Middlesex Deputy Sheriffs~~ , Special Process Server:

WHEREAS_ NORTHEASTERN GRAPHIC SUPPLY, INC. Plaintiff _____ has recovered judgment against GRAPHIC COLOR CORPORATION, a division of _ CONSOLIDATED COLOR CORPORATION, Defendant _____ on the _4th_ day of _January_____ , 19 2005, for the sum of $ 33,589.74 _____ debt or damage, pre-judgment interest in the amount of $ 0 _____, and costs of this suit in the amount of $ N/A _____, as to us appears of record, whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or lands of the said Judgment Debtor, to cause to be paid and satisfied unto the said Judgment Creditor, at the value thereof in money, the aforesaid sums, being a total of $___ 33,589.74 _____, in the whole, with interest thereon at the rate of N/A ___ __ from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said court, at Boston_____ , Massachusetts, within Twenty (20) years after the date of said judgment, or within Ten (10) days after this Writ has been satisfied or ~~discharged~~.

Dated this 21ˢᵗ day of _MARCH_____ , 19 2005.

**TONY ANASTAS, CLERK**

By: _____
     Deputy Clerk

SEAL [court seal: UNITED STATES DISTRICT COURT · DISTRICT OF MASSACHUSETTS]

(1stexecu.wrt - 1)                                    [writexec.]

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*   \*   \*   \*   \*   \*   \*   \*

Northeastern Graphic Supply, Inc.
                **Plaintiff**      \*

                            \*    MBD NO. 05-10121

VS.                        \*

Graphic Color Corporation, a division of     \*
Consolidated Color Corporation
                **Defendant**     \*

\*   \*   \*   \*   \*   \*   \*

## MOTION FOR EXAMINATION OF DEFENDANT, JUDGMENT DEBTOR, BEFORE THIS COURT

Plaintiff, Northeastern Graphic Supply, Inc. moves the Court, pursuant to Fed. R. Civ. P.69(a) and Mass. Gen. Laws Ch. 224, §14 and §15, for leave to examine the Defendant, by Lawrence H. Cohen, the president of the Judgment Debtor before the Court as to the judgment debtor's property and its ability to pay.  As grounds therefor, Plaintiff says as follows:

1.  Plaintiff recovered judgment herein against  Defendant/Judgment Debtor in Maine on January 4, 2005 in the amount of $33,589.74, which was registered in this Court on March 21, 2005.

2.  The First Execution which was issued on March 21, 2005 was delivered into the hands of the Essex County Sheriff's Office who by Deputy Sheriff Robert Owen made demand upon the Defendant on April 7, 2005 as certified by his return. (See Exhibit "A").  Said First Execution has been returned unsatisfied in any part and remains outstanding.

3.  By filing this motion, Plaintiff seeks to utilize a remedy available to it.

4.  In support thereof, see Memorandum in Support of Motion for Examination of Defendant/ Judgment Debtor Before this Court.

05/20/2005  11:29    9786819666                    GRAPHIC COLOR                    PAGE  02

Northeastern Graphic Supply, Inc.
By its Attorneys,

Kenneth E. Karger, BBO# 259880
Karger Law Offices
15 Court Square, Suite 230
Boston, MA  02108
617 367-2992

Dated: *May 18*, 2005

"C"



# The Commonwealth of Massachusetts
## William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

---

*CONSOLIDATED COLOR CORPORATION* **Summary Screen**

Help with this form

---

**Request a Certificate**

**The exact name of the Domestic Profit Corporation:** CONSOLIDATED COLOR CORPORATION

**Entity Type:** Domestic Profit Corporation

**Identification Number (FEIN, Trust ID, etc.):** 000858284

**Date of Organization in Massachusetts:** 01/12/2004

**Current Fiscal Month / Day:** 12 / 31

**The location of its principal office in Massachusetts:**
No. and Street: 15 UNION ST.
City or Town: LAWRENCE    State: MA    Zip: 01840    Country: USA

**If the business entity is organized wholly to do business outside Massachusetts, the location of that office:**
No. and Street:
City or Town:    State:    Zip:    Country:

**The name and address of the Resident Agent:**
Name: MICHAEL N. STEIN
No. and Street: 7 TRAVIS DR.
City or Town: FRAMINGHAM    State: MA    Zip: 01702    Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration<br>of Term |
|---|---|---|---|
| PRESIDENT | LAWRENCE H. COHEN | 7 YEATON RD.<br>PLYMOUTH, NH 03264 USA | NONE |
| TREASURER | LAWRENCE H. COHEN | 7 YEATON RD.<br>PLYMOUTH, NH 03264 USA | NONE |
| CLERK | LAWRENCE H. COHEN | 7 YEATON RD. | NONE |

| | | PLYMOUTH, NH 03264 USA | |
|---|---|---|---|
| DIRECTOR | LAWRENCE H. COHEN | 7 YEATON RD.<br>PLYMOUTH, NH 03264 USA | NONE |

**business entity stock is publicly traded:** __

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share<br>Enter 0 if no Par | Total Authorized by Articles<br>of Organization or Amendments | | Total Issued<br>and Outstanding |
|---|---|---|---|---|
| | | *Num of Shares* | *Total Par Value* | *Num of Shares* |
| CNP | $0.00000 | 27,500 | $0.00 | 0 |

| | | | |
|---|---|---|---|
| __ Consent | __ Manufacturer | __ Confidential Data | __ Does Not Require Annual Report |
| __ Partnership | __ Resident Agent | __ For Profit | __ Merger Allowed |

**Select a type of filing from below to view this business entity filings:**

ALL FILINGS
Annual Report
Application For Revival
Articles of Amendment
Articles of Consolidation - Foreign and Domestic

[ View Filings ]    [ New Search ]

**Comments**

© 2001 - 2004 Commonwealth of Massachusetts
All Rights Reserved

**Help**

135 S LASALLE
DEPARTMENT 1495
CHICAGO IL 60674-1495

**LAWRENCE GENERAL HOSPITAL**
ONE GENERAL STREET
PO BOX 189
LAWRENCE MA 01842

**LAWRENCE H COHEN**
CO GRAPHIC COLOR CORPORATION
13 SHEPARD STREET
LAWRENCE MA 08143

**LEASEVEST CAPITAL CORPORATION**
PO BOX 641652
PITTSBURGH PA 15264-1652

**LEP PROFIT INTERNATIONAL**
PO BOX 9304736
ATLANTA GA 31193

**MAC WAREHOUSE**
PO BOX 8934
BOSTON MA 02266

**MAGNATRON**
9171 KING ARTHUR DRIVE
DALLAS TX 75247

**MICRO PUBLISHING NEWS**
21150 HAWTHORNE BLVD #104
TORRANCE CA 90503

**NETWORK PLUS**
PO BOX 11347
BOSTON MA 02211

**NORTHEASTERN GRAPHIC SUPPLY**
PO BOX 1418          (cr)      ←
PORTLAND ME 04104

**OMNI AD SPECIALTIES INC**
164 CANDIA STREET
EAST WEYMOUTH MA 02189

**PAGENET**
ONE VAN DE GRAAFF DRIVE
6TH FLOOR
BURLINGTON MA 01803

**PERKINS SMITH & COHEN LLP**
ONE BEACON STREET
BOSTON MA 02108

In re    Graphic Color Corporation _____     Case No. _____

                                    Debtor

# SCHEDULE F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Account No.** | | | | | | | |
| Northeastern Graphic Supply PO Box 1418 Portland, ME 04104 | | - | film, chemistry (includes current shipments) [Brian Kute] | | | | 63,533.00 |
| **Account No.** | | | | | | | |
| Omni Ad Specialties, Inc. 164 Candia Street East Weymouth, MA 02189 | | - | trade debt | | | | 425.00 |
| **Account No.** | | | | | | | |
| PageNet One Van De Graaff Drive 6th Floor Burlington, MA 01803 | | - | trade debt | | | | 407.00 |
| **Account No.** | | | | | | | |
| Perkins, Smith & Cohen, LLP One Beacon Street Boston, MA 02108 | | - | services | | | | 474.00 |
| **Account No.** | | | | | | | |
| RCN of Massachusetts PO Box 1617 Dallas, PA 18612 | | - | telephone | | | | 2,346.00 |
| Sheet no. __7__ of __10__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | | Subtotal (Total of this page) | | | 67,185.00 |

Copyright (c) 1993-1998 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re
Graphic Color Corporation
     Debtor

Chapter 11
No. 98-44761-JBR

## ORDER CONFIRMING PLAN

    The Trustee's First Amended Plan of Reorganization filed on July 19, 2001, having been transmitted to the Creditors with the Disclosure Statement as approved by the Court, it having been determined after hearing on notice:

    That the Plan has been proposed and its acceptance procured in good faith, and not by any means, promises, or acts forbidden by law;

2.    That at least one impaired class of creditors has voted for the Plan without consideration of the acceptance of the Plan by any insider;

3.    That confirmation of the Plan is not likely to be followed by a liquidation or the need for further reorganization of the Debtor;

4.    That the Plan is in and for the best interest of the Creditors and is feasible, and the Debtor has not been guilty of any acts or failed to perform any of the duties which would be a bar to the discharge of Debtor.

IT IS ORDERED THAT:

1    The Truxstee's First Amended Plan, filed herein on July 19, 2001, is confirmed;

2.    Except as otherwise provided or permitted by the Plan or this Order:

    a)    All debts of the above-named Debtor are fixed and liquidated or will be fixed and liquidated under these proceedings;

    b)    Any judgment heretofore or hereafter obtained in any Court other than this Court is null and void as a determination of the liability of the Debtor;

    c)    All creditors whose debts are affected by this Order are enjoined from instituting or continuing any action or employ any process to collect such debts as liabilities of the above named Debtor;

ENTERED ON DOCKET
9/14/01        186

d)    Upon the Effective Date of the Plan all property of the estate shall vest in the reorganized Debtor free of and clear of all claims and interests of the creditors of the Debtor except as specifically provided pursuant to the Plan;

e)    Effective immediately the Trustee is appointed to the Board of Directors of the Debtor, said appointment to continue for a period of one year from the Effective Date.

f)    Confirmation of the Plan discharges the Debtor from any debt as defined by Section 101(12) of the Bankruptcy Code that arose before the date of this Order and any debt of a kind specified in Sections 502(g), 502(h), and 502(i) of the Bankruptcy Code whether or not (i) a Proof of Claim based upon such debt was filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) such claim was allowed under Section 502 of the Bankruptcy Code, or (iii) the holder of such claim has accepted the Plan;

g)    This court shall retain jurisdiction of this Chapter 11 case in accordance with the provisions of Article X of the Plan

Dated: _September 14, 2001_    _Joel B. Rosenthal_
                                Joel B. Rosenthal
                                Bankruptcy Judge

"G"

JEFFREY B. KOSBERG
ATTORNEY AT LAW

December  8, 2004

Michael J. Gartland, Esquire
100 Middle Street, East
Portland,  ME  04101

Tel: (207) 828-8000

RE:        Graphic Color Corporation

Dear Mr. Gartland:

A number of pleadings filed on behalf of Northeastern Graphic Supply, Inc. ("Northeastern") have been forwarded to my office.

On January 30, 2004, I accepted an Assignment for the Benefit of Creditors executed by Graphic Color Corporation ("Graphic"). I have reviewed the list of creditors, and Northeastern was scheduled and noticed. Enclosed is a copy of the original notice. Also, Graphic was never a division of, nor owned by Consolidated Color Corporation.

At this point, it does appear that there will be a dividend to general, unsecured creditors. If you would like to discuss this matter, or need further clarification, please feel free to call.

Very truly yours,

Jeffrey B. Kosberg

JBK/ds
Encs.
cc:    L. Cohen
044763/D09.04-Gartland/Ltr.

132 MOUNT AUBURN STREET • CAMBRIDGE, MA 02138
TEL: (617) 661-3000 • FAX: (617) 661-3817

Case 1:05-mc-10132-PBS    Document 1-1

"H"

JEFFREY B. KOSBERG
ATTORNEY AT LAW

February  6, 2004

To: The Creditors of
GRAPHIC COLOR CORPORATION
15 Union Street
Lawrence, MA  01843

RE:            Assignment for the Benefit of Creditors

Dear  Creditor:

      Please be advised that on January  30, 2004, Graphic Color Corporation (the
"Debtor Corporation") executed an Assignment for the Benefit of Creditors, naming
the undersigned as Assignee.

      In September, 2001, the Debtor successfully emerged from a Chapter 11
proceeding.   The principals of the Debtor Corporation believed the business could
go forward profitably, and pay the Chapter 11 dividend obligations to the assenting
creditors.

      Since September 2001, the general printing industry has been in a free fall,
with numerous companies in New England closing their doors.  The Debtor
Corporation had only been able to maintain its operation, generating barely sufficient
revenue to cover current bills.  The company could not meet: (1) the obligation to
Barco, Inc. ("Barco"), which holds a first security interest on all of the Debtor
Corporation assets; and (2) the obligations due under the confirmed plan of
arrangement.

      As business conditions continued to decline, the principals of the Debtor
Corporation negotiated a very advantageous settlement, with Barco which agreed
to accept a one-time payment of approximately thirty (30%) percent of the debt due.
The Debtor Corporation has diligently sought an investor or a buyer who could fund
this settlement with Barco.

. cont. .

132 Mount Auburn Street • Cambridge, MA 02138
Tel: (617) 661-3000 • Fax: (617) 661-3817

To: The Creditors of
GRAPHIC COLOR CORPORATION
Page Two

    A number of potential buyers and investors have looked at the Debtor Corporation. However, the investors concluded that, while the business is attractive as an operation, the value of the business cannot justify the payment of a cash settlement to Barco, as well as the assumption of the Debtor Corporation's other obligations, including the unpaid Chapter 11 debt. The Debtor realized that it could not continue to defer the payments of these obligations indefinitely, and has agreed to enter into this Assignment for the Benefit of Creditors as the most expeditious means of winding up the business operation.

    The tangible assets of the Debtor Corporation have been recently appraised by a printing and graphic arts equipment dealer at: $276,000.00, and the current collectable accounts receivable are valued at approximately: $100,000. There is little inventory. Presently the Debtor Corporation owes $926,000.00, comprised as follows:

| | | | |
|---|---|---|---|
| a) | Secured Debt (Barco) | | $582,000.00 |
| b) | Taxes (state & federal) | | 5,000.00 (or less) |
| c) | Obligations arising from Chapter 11 confirmation | | 167,000.00 |
| d) | General trade obligations | | 172,000.00 |
| | | Total | $926,000.00 |

    It is clear that a normal liquidation by auction would not result in any recovery to general trade creditors. Barco would only recover a small portion of its secured obligations.

    However, the Assignee has received an offer from Consolidated Color Corporation ("CCC") to purchase the assets of the Debtor Corporation, subject to the security interests of Barco. CCC believes that the business operation of the Debtor Corporation has inherent value and that without the burden of the unsecured obligations, the business may be attractive to an investor in the printing industry seeking to expand its business.

    If, as hoped, CCC does enter into an investment or sale agreement, within twenty-four (24) months, a portion (up to $100,000.) of the net investment/sale proceeds (after satisfying Barco) will be allocated to pay a dividend to the general trade creditors.

cont.

To: The Creditors of
GRAPHIC COLOR CORPORATION
Page Three

   The Assignee realizes this is a very unorthodox approach to liquidating the business. However, there are indicators that the printing industry has begun to revive and that this sale is the only possible way that creditors can recover anything on what is due to them.

       We believe this Assignment is the only means of realizing the "business" value of the Debtor Corporation, and urge all creditors to assent thereto. In order to participate in a distribution, a creditor must assent. Enclosed is an assent form. Frequently only a small portion of the creditors ever return their assents, and therefore, even with a small recovery available, creditors who do send in assents receive significant dividends. We urge all creditors to participate.

                                        Very truly yours,

                                        Jeffrey B. Kosberg, Assignee
                                        for the Benefit of Creditors

JBK/ds
Encs.
034590/Cred.Ltr.

# A S S E N T

The undersigned, does hereby assent to the terms of a certain instrument
of Assignment for the Benefit of Creditors made by **Graphic Color Corporation**
of 15 Union Street, Lawrence, Massachusetts 01843 wherein **Jeffrey B. Kosberg,
Esquire** of 132 Mount Auburn Street, Cambridge, Massachusetts 02138, was therein
named as Assignee; and does hereby become a party to said instrument as an assenting
creditor thereto and in accordance with the provisions of said instrument agree to
accept in full payment of all debts, claims and demands, the dividends which shall be
payable under said Assignment and to release, acquit and discharge the debtor from
such debt, claim and demand as therein provided.

Witness its hand and seal this _____ day of _____ . 2004.

1.  Name of Creditor: _____
    (please print)

2.  Address and Telephone Number: _____

    _____

    _____

    TEL: _____

3.  Amount of Claim:            $ _____

4.  Name of Contact Person: _____

5.  If Claim is secured, please explain and attach copies of relevant documents.

6.  Attach a detailed statement or copies of invoices.

Mail Assent to:

                  Jeffrey B. Kosberg, Esquire
                  132 Mount Auburn Street
                  Cambridge, MA  02138

## PLEASE NOTE ALL ASSENTS MUST RETURNED BY: June 7, 2004

*034590/Assent*

# Consolidated Color Corporation
### 15 Union Street, Lawrence, MA

## Invoice History for Northeastern Graphic Supply

| Date | Invoice or Check Number | Invoice Amount | Payment | Running Balance |
|------|-------------------------|----------------|---------|-----------------|
| Pre-Consolidated Color | pd in assignment | $4,907.06 | | $4,907.06 |
| 1/30/2004 | 1492 | | $1,292.00 | $3,615.06 |
| 2/2/2004 | 167706 | $1,081.74 | | $4,696.80 |
| 2/13/2004 | 1003 | | $561.41 | $4,135.39 |
| 2/13/2004 | 168079 | $892.00 | | $5,027.39 |
| 2/20/2004 | 1014 | | $861.65 | $4,165.74 |
| 2/24/2004 | 1015 | | $1,300.00 | $2,865.74 |
| 2/25/2004 | 168395 | $1,300.43 | | $4,166.17 |
| 2/26/2004 | 168457 | $300.00 | | $4,466.17 |
| 3/5/2004 | 1024 | | $892.00 | $3,574.17 |
| 3/16/2004 | 1033 | | $540.87 | $3,033.30 |
| 4/2/2004 | 1060 | | $540.87 | $2,492.43 |
| 6/25/2004 | 1165 | | $1,300.43 | $1,192.00 |
| 9/29/2004 | 1268 | | $1,192.00 | $0.00 |
| | | | | $0.00 |
| Total | | $8,481.23 | $8,481.23 | |